# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

IN RE: FLORIDA MARINE, LLC, CASE NO. 6:18-CV-00971
AS OWNER AND OPERATOR OF
THE M/V TY DOLESE PRAYING
FOR EXONERATION FROM
AND/OR LIMITATION OF
LIABILITY

UNASSIGNED DISTRICT JUDGE

MAGISTRATE JUDGE HANNA

## ORDER ON MOTION TO LIFT STAY

Before the Court is a motion to lift the order restraining claims and to stay this action (Rec. Doc. 16), which was filed by Riverwatch, Inc. and Northfield Insurance Company. The motion is not opposed. For the reasons that follow, the Court will grant the motion.

## I.  BACKGROUND

Florida Marine, LLC is alleged to be the bareboat charterer, owner pro hac vice, and operator of the pushboat M/V TY DOLESE. Riverwatch, Inc. asserted a claim against Florida Marine in connection with an incident that allegedly occurred on April 8, 2018 when the M/V TY DOLESE was traversing the Ohio River near mile marker 493. Riverwatch alleged that it owned and operated a restaurant with an attached Tiki Barge on the Ohio River in Lawrenceburg, Indiana. Riverwatch

further alleged that, as the M/V TY DOLESE with three barges in tow passed the restaurant, against the current and in high water conditions, it threw a considerable wake that caused the Tiki Barge to sink. Riverwatch alleged that the resulting damages included the total loss of the Tiki Barge, the cost to raise the vessel, and business interruption, estimated to total in the range of $500,000 to $700,000.

After Riverwatch notified Florida Marine of its claim, Florida Marine initiated this limitation proceeding. Florida Marine and its insurer Houston Casualty Company filed an ad interim stipulation seeking to establish the value of the M/V TY DOLESE at $4.65 million. (Rec. Doc. 1-2). The Court issued a notice to claimants (Rec. Doc. 3) and an order staying prosecution of claims (Rec. Doc. 2). Thereafter, Riverwatch filed a timely answer and claim. (Rec. Doc. 6). Northfield Insurance Company, which provided business interruption and business personal property insurance coverage to Riverwatch, filed its own claim and answer to Florida Marine's complaint. (Rec. Doc. 10). Northfield alleged that it had, at the time of filing its claim, already paid Riverwatch $34,191.85 in partial payments for business interruption resulting from the loss of Riverwatch's Tiki Barge and anticipated that it would make additional payments to Riverwatch in the future for business personal property and business interruption damages incurred as a result of the incident. In its answer, Riverwatch reserved its right to petition the Court to stay the limitation

action and to pursue filing suit against Florida Marine in the forum of its choice. (Rec. Doc. 6 at 3).

## II. LAW AND ANALYSIS

In the instant motion, Riverwatch and its insurer, Northfield, seek relief from the limitation stay so that they may file a lawsuit in a state court in Indiana against Florida Marine. Riverwatch and Northfield filed a stipulation that they contend protects Florida Marine's right to have its claim for limitation decided in this Court. (Rec. Doc. 16-2). Florida Marine, Riverwatch, and Northfield also field additional stipulations. (Rec. Doc. 19).

The Limitation of Liability Act, 46 U.S.C. § 183 *et seq.*, provides that the liability of a shipowner shall not exceed the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner. Federal courts have exclusive jurisdiction over suits invoking the Act, "saving to suitors. . . all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. When a shipowner files a limitation action in federal court under Rule F of the Federal Rules of Civil Procedure's Supplemental Rules for Certain Admiralty and Maritime Claims, the court stays all related claims against the shipowner arising out of the same accident and requires all claimants to assert their claims in the limitation court. *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The purpose of the Limitation Act is to protect the shipowner

3

who has an absolute right to limit his or her liability, and to consolidate all actions against the owner into a single case where all claims may be disposed of simultaneously. *In re Blessey Enterprises, Inc.,* 537 Fed. App'x 304, 305 (5th Cir. 2013) (citing *Karim v. Finch Shipping Co., Ltd*., 265 F.3d 258, 264 (5th Cir. 2001)).

Notwithstanding the foregoing, the Fifth Circuit recognizes that, in a limitation action, "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *In re Tetra Applied Technologies L P*, 362 F.3d 338, 341 (5th Cir. 2004). Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court. *Id., In re Complaint of FKM, Inc., for Exoneration from or Limitation of Liability*, 122 Fed. App'x 783, 784 (5th Cir.2005) ("So long as the district court hearing the limitation action satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.").

Florida Marine, and the claimants, Riverwatch and Northfield, filed a document (Rec. Doc. 19) in which they jointly stipulated that this court has sole jurisdiction over the issue of whether Florida Marine has the right to limit its liability

4

with respect to all claims asserted in this matter; that Florida Marine declared the value of the M/V TY DOLESE to be $4.65 million; and that this court retains exclusive jurisdiction to determine the value of the M/V TY DOLESE and its pending freight or, to the extent otherwise applicable, the value of the limitation fund. The parties stipulated that only Riverwatch and Northfield have filed claims in the limitation proceeding; that the claims of Riverwatch and Northfield do not exceed the declared value of the vessel; that the claimants have asserted their rights under the Savings to Suitors Clause to pursue their claims in a forum of their choosing, i.e., the state or federal courts of Indiana; and that the claimants will file only one proceeding in Indiana, thereby avoiding piecemeal litigation of relevant issues. The claimants also stipulated that, in the event a matter initiated in another forum proceeds to judgment, they will not seek to enforce a damage award in excess of the value of the M/V TY DOLESE and its freight until this court adjudicates Florida Marine's right to limitation; they will waive the right to assert *res judicata* in this matter with respect to the issues concerning Florida Marine's right to limit its liability; and they will waive any defense of issue preclusion with respect to the issues of Florida Marine's privity or knowledge of any alleged negligence or other fault based on any ruling, decision, or judgment in any other forum. Florida Marine stipulated that it reserves its right to present any defenses in the forum chosen by the claimants, including but not limited to exoneration from liability. Finally, based

upon these stipulations, Florida Marine stipulated that it will not oppose the pending motion.

This Court finds that the parties' stipulations are sufficient to protect Florida Marine's rights under the Limitation Act.

### III.  CONCLUSION

Because Riverwatch and Northfield are the sole claimants in the limitation proceeding, and they have filed stipulations giving this Court certainty that the federal forum will remain the sole forum for the adjudication of the plaintiff-in-limitation's rights to limitation and/or exoneration of liability under the Limitation Act,

IT IS ORDERED that the motion to lift the stay order, which was filed by Riverwatch and its insurer, Northfield, (Rec. Doc. 16) is GRANTED, and the stay entered pursuant to 46 U.S.C. § 185 is HEREBY LIFTED.

IT IS FURTHER ORDERED that the Clerk of Court shall administratively close this action in his records without prejudice to the right of any party to file a motion to reopen the proceedings at such time, if any, it shall become necessary for this court to determine issues relevant to limitation and/or exoneration.  This order shall not be considered a dismissal or disposition of this matter, and should further proceedings become necessary or desirable, any party may initiate such motion as if this order had not been entered.

IT IS FURTHER ORDERED that the oral argument previously scheduled for December 27, 2018 is CANCELLED.

Signed at Lafayette, Louisiana, this 16th day of November 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE